**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

David Springsteen,

    Plaintiff,

v.

Cathy M. Garrett, individually
and in her capacity as Wayne County Clerk,
Wayne County, Lynn M. Wade , CavenWest
and Johnnie Johnson, individually, jointly and
severally,

    Defendants.

Case No. 11-cv-11743
Hon. Patrick J. Duggan
Magistrate Judge Mark A. Randon

---

PITT, MCGEHEE, PALMER,
RIVERS AND GOLDEN P.C.
Michael L. Pitt (P24429)
Kevin M. Carlson (P67704)
Attorneys for Plaintiff
117 West Fourth Street, Suite 200
Royal Oak, MI 48067
Tel: 248-398-9800
Fax: 248-398-9804
mpitt@pittlawpc.com
kcarlson@pittlawpc.com

MILLER, CANFIELD, PADDOCK & STONE, P.L.C.
Jerome R. Watson (P27082)
Adam S. Forman (P55633)
Brian M. Schwartz (P69018)
Attorneys for Defendants Wayne County and Named
Defendants In Their Official Capacities 150 West
Jefferson, Suite 2500
Detroit, MI 48226
(313) 963-6420
watson@millercanfield.com
forman@millercanfield.com
schwartzb@millercanfield.com

CROMER LAW GROUP PLC
Ronnie E. Cromer, Jr.
Attorney for Individually Named Defendants
65 Cadillac Tower – Suite 3610
Detroit, MI 48226
313-965-6633 (office)
313-965-9858 (fax)
rcromerjr@syahoo.com

**THE PARTIES' STIPULATED PROTECTIVE ORDER**

    At a session of said Court held in the City of Detroit, County of
Wayne and State of Michigan on September 29, 2011.

    PRESENT:  Honorable <u>Patrick J. Duggan</u>
                      United States District Judge

HAVING BEEN DULY ADVISED by the parties in the above-captioned litigation that they have stipulated to entry of this Stipulated Protective Order, and otherwise being fully advised in the premises and, therefore,

**IT IS HEREBY ORDERED** that:

1. Any category of documents and/or things identified as being produced subject this Stipulated Protective Order, and the documents and/or things and their content shall not be disclosed beyond the confines of this lawsuit.

2. All such documents and materials identified in Paragraph 1, above, which are deemed "Confidential," as defined below, shall be marked "Confidential," and shall be used by counsel only in connection with this action and shall not be provided, disclosed or made known to any person by counsel except Plaintiff, Defendants, paralegal and secretarial employees of Plaintiff's counsel or Defendants' counsel, deposition and trial witnesses, experts, persons directly involved in the preparation of trial witnesses and experts, and other persons directly involved in the preparation or trial of this action. Prior to disclosing such documents during deposition, at trial or to expert witnesses, non-expert witnesses or to other persons directly involved in the preparation or trial of this action, counsel shall have such person review this Order and such person shall be advised of the obligation to honor the confidentiality designation and must agree to do so.

3. As used herein, "Confidential" means information, documents or materials that the designating party deems to constitute confidential personal information, personnel records, medical records, financial records, discipline records, investigation records or other confidential information. All documents and any other information subject to this Order shall not be used by

Plaintiff, Plaintiff's counsel, any of the Defendants or Defendants' counsel for any business, competitive, personal, private or public purpose.

    4.    The Order authorizes the filing of documents under seal. Confidential documents may be disclosed to the Court, its personnel, court reporters, mediators, facilitators and/or arbitrators. Any document covered under this Order filed with the Court, mediators, facilitators or arbitrators must be filed under seal and must comply with the following procedures (or the Court's procedures for electronically filing documents under seal):

    a. Documents are to be sealed (closed, fastened, taped or otherwise secured) in an envelope of comparable size no larger than 9 by 12.

    b. Each envelope must list the following information and each document is to be in a separate envelope:

        i. Case number;

        ii. Case title;

        iii. Party, name, and complete title of document (i.e., Defendant's Motion for Summary Judgment) must be noted on each envelope. (Motions, affidavits and memorandums are considered three separate documents); and

        iv. **"SEALED"** or **"CONFIDENTIAL."**

    c. The procedure set forth in this paragraph shall be followed unless otherwise ordered by this Court.

    5.    Subject to the Federal Rules of Evidence, materials protected by this Order may be offered in evidence at trial or at any court hearing subject to such protective measures as may be directed by this Court.

    6.    Upon termination, either by final judgment after appeal, if any, or by settlement of this litigation, counsel shall return to the producing party, within thirty (30) business days of receipt of a written request, all materials and information protected by this Order, and shall

certify in writing that such materials, including all copies, have been returned.  Counsel shall destroy any and all extracts, summaries, and analyses of the information or materials protected by this Order and shall certify in writing to the producing party's counsel that such materials, including all copies, have been destroyed.  This paragraph shall not require Defendant to destroy any documents it maintains in the ordinary course of business or is required to maintain pursuant to law.

7.     Nothing contained herein shall be construed to prevent, limit or restrict the use of Confidential Documents protected by this Order in the ordinary course of business by persons who maintain, use, rely upon, and/or who otherwise have an interest in reviewing or accessing such documents and information, notwithstanding the designation by any party or counsel in this lawsuit of such documents and information as "Confidential."

8.     If at any time a party and/or its/his/her counsel receives a subpoena from any court, administrative or legislative body requesting, or is requested by any other person or entity purporting to have authority to require the production of, any document or information protected by this Stipulated Protective Order, counsel for the party to whom such a request is made shall immediately give written notice thereof to opposing counsel, so as to advise him/her of the need to promptly obtain a protective order or a notice to quash the subpoena.  Counsel for the party to whom such a request is directed shall advise the person serving the request of the existence and contents of the Stipulated Protective Order prior to producing Confidential Documents.

9.     The inadvertent production of any attorney-client privileged and/or joint defense privileged and/or work product protected document shall not constitute waiver of the privilege or protection, and shall not constitute a general waiver of such privilege or protection.  If the party who inadvertently produced such documents demands return of the document on the grounds

that it is attorney-client privileged and/or joint defense privileged and/or work product protected and has been produced inadvertently, and the party to whom the document has been produced refuses to return it, the party who produced the document will promptly file a motion to compel the return of the document; and the party to whom the document was produced may retain the document pending resolution of the motion to compel but, unless and until that motion is denied by the Court, may not use or disclose that document in any way, except as it relates to the motion to compel.

10. The terms of this Order shall survive and remain in effect after the termination or settlement of this litigation.

11. This Order is subject to modification at any time upon further stipulation of the parties or pursuant to an order of this Court.

        s/Patrick J. Duggan
        Patrick J. Duggan
        United States District Judge

Dated: September 29, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on Thursday, September 29, 2011, by electronic and or ordinary mail.

        s/Marilyn Orem
        Case Manager

| | |
|---|---|
| /s Kevin M. Carlson (P67704) (with consent)<br>PITT, MCGEHEE, PALMER, RIVERS AND GOLDEN P.C.<br>*Attorneys for Plaintiff*<br>117 West Fourth Street, Suite 200<br>Royal Oak, MI 48067<br>248-398-9800<br>248-398-9804 | s/ Ronnie E. Cromer (P59418)  (with consent)<br>CROMER LAW GROUP, P.L.L.C.<br>*Attorney for Named Defendants In Their Individual Capacities*<br>65 Cadillac Sq Ste 3610<br>Detroit, MI  48226<br>(313) 965-6633 |

kcarlson@pittlawpc.com

rcromerjr@yahoo.com

s/Brian M. Schwartz (P69018)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
*Attorneys for Defendants Wayne County and Named Defendants In Their Official Capacities*
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 963-6420
schwartzb@millercanfield.com

19,400,873.1\094860-00152