UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SPRINGSTEEN,

    Plaintiff,

v.                                               Case No. 11-11743
                                                Honorable Patrick J. Duggan

CATHY M. GARRETT, LYNN M WADE,
CAVEN WEST, and JOHNNIE JOHNSON,

    Defendants.
_____/

**OPINION AND ORDER DENYING INDIVIDUALLY NAMED DEFENDANTS CATHY M. GARRETT'S, CAVEN WEST'S AND JOHNNIE JOHNSON'S MOTION TO STAY CIVIL PROCEEDINGS**

      On April 21, 2011, Plaintiff David Springsteen filed this action against Defendants in their individual and official capacities. In his Complaint, Plaintiff alleges that he was terminated from his position as Deputy Chief of Staff of the Wayne County Clerk's Office ("Clerk's Office") in retaliation for his reports of misconduct by employees within the Clerk's Office to the internal affairs division of the Wayne County Sheriff's Department. Presently before the Court is a motion to stay the proceedings, filed by Individual Defendants Cathy M. Garrett, Caven West, and Johnnie Johnson (hereafter "Defendants") on December 8, 2011. Plaintiff filed a response to the motion on December 22, 2011. On January 13, 2012, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to Defendants' motion to stay pursuant to Eastern District of Michigan Local Rule 7.1(f). On January 18, 2012, Defendants filed "supplemental exhibits." They have not filed a reply brief.

In their motion, Defendants seek to stay Plaintiff's lawsuit pending "parallel criminal proceedings." Although acknowledging that no criminal proceedings have been initiated or indictments issued against any of the defendants, they argue that Plaintiff's Complaint indicates that the Wayne County Sheriff is conducting a formal investigation of possible public corruption and/or criminal misconduct within the Concealed Carry Weapon ("CCW") Division of the Clerk's Office. Defendants argue that a failure to stay these civil proceedings will undermine their Fifth Amendment privilege against self-incrimination.

A court has the broad discretion to stay a civil proceeding when there is a pending or impending parallel criminal action. *See Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 166 (1936)). Failure to stay a civil proceeding where there is a pending parallel criminal action targeting one of the parties to the civil action could undermine the party's Fifth Amendment privilege against self-incrimination. *In re Par Pharm., Inc. Sec. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990). Several factors are relevant to a court's decision whether to grant a stay, including:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Fleming*, 498 F. Supp. 2d at 1037 (citing *Trustees of the Plumbers & Pipefitters Nat'l*

*Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)).

"In general, courts recognize that the case for a stay is strongest where the defendant has already been indicted." *Id*. (citing cases). Pre-indictment requests for a stay usually are denied "because the risk of self-incrimination is reduced at the pre-indictment stage, and because of the uncertainty surrounding when, if ever, indictments will be issued, as well as the effect of the delay on the civil trial. *State Farm Mut. Auto. Ins. Co. v. Beckham-Easley*, No. Civ. A. 01-5530, 2002 WL 31111766, at *2 (E.D. Pa. Sept. 18, 2002) (unpublished opinion) (citing *Walsh Sec., Inc. v. Critso Prop. Mgmt. Ltd.*, 7 F. Supp. 2d. 523, 527 (D.N.J. 1998) (additional citations omitted)). Some courts have expressed that, where a defendant filing a motion to stay has not been indicted, the motion may be denied on that ground alone. *Id*. (citing *United States v. Private Sanitation Indus. Assoc'n of Nassau/Suffolk, Inc.*, 811 F. Supp. 802 (E.D.N.Y. 1992); *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir.1980)). However, other courts have expressed that "a stay should not be categorically denied solely because the defendant has not yet been indicated." *Fleming*, 498 F. Supp. 2d at 1038 (citing *Walsh Sec., Inc.*, 7 F. Supp. 2d at 527) ("It is 'still possible' to obtain a stay, even though an indictment or information has not yet been returned, if the Government is conducting an active parallel criminal investigation.")) It matters not which line of cases this Court would be inclined to follow, as Defendants concede that there have been no criminal proceedings initiated or indictments issued and there is no evidence that there is any ongoing criminal investigation.

In their supplemental exhibits, Defendants offer an email sent December 7, 2011, by their counsel to Donn Fresard, the Chief of Staff of the Wayne County Prosecutor's Office, inquiring about the status of an investigation of the Clerk's Office. (Doc. 24 Ex. A.) They, however, do not offer any communication in response to the inquiry. Defendants also offer emails between Defendant West and Chief of Staff Fresard in September 2010, as well as Plaintiff's statement that he was told in *March 2010* that "a long time ongoing investigation was taking place and [that] it could be months before anything was complete." (*See id.* Exs. B, C, D.)  Nevertheless, to the extent this evidence suggests that an investigation was initiated, it does not demonstrate that any investigation continues *one to two years later*.[1]

Absent evidence of a pending investigation, the Court cannot determine *inter alia* who is being investigated or the conduct for which they are being investigated. As such, the Court has no way of assessing whether there is any overlap between the civil and criminal proceedings. "If there is no overlap, then there would be no danger of self-incrimination and no need for a stay." *Fleming*, 498 F. Supp. 2d at 1039 (internal quotation marks and citation omitted). The district court in *Fleming* therefore found the extent of the overlap to be "the most important factor" in the court's analysis of whether a

---

[1]The evidence also does not suggest who was being investigated or the scope of the investigation. The subject heading of the emails between Chief of Staff Fresard and Defendant West is simply: "Re: Alleged Fraudulent Activity – Issuance of Concealed Weapons Permit." (Doc. 24 Ex. B.) Defendant West only refers in the body of his email to "alleged fraudulent issuance of Concealed Weapons Permits by certain employees." (*Id.*)

4

stay is appropriate. *Id.* This Court believes that the other factors in fact cannot be realistically evaluated without this information.

In short, without evidence that there in fact is a parallel criminal investigation or proceeding, this Court cannot find justification for a stay of these civil proceedings.

Accordingly,

**IT IS ORDERED**, that the motion to stay civil proceedings filed by individually named Defendants Garrett, West, and Johnson is **DENIED**.

Date:  February 3, 2012                           s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copies to:
Michael L. Pitt, Esq.
Kevin M. Carlson, Esq.
Jerome R. Watson, Esq.
Adam S. Forman, Esq.
Brian M. Schwartz, Esq.
Ronnie E. Cromer Jr., Esq.