UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SPRINGSTEEN,
    Plaintiff,

v.                                                                Case No. 11-11743
                                                               Honorable Patrick J. Duggan

CATHY M. GARRETT, LYNN M WADE,
CAVEN WEST, and JOHNNIE JOHNSON,
    Defendants.
_____/

## OPINION AND ORDER DENYING INDIVIDUALLY NAMED DEFENDANTS CATHY M. GARRETT'S, CAVEN WEST'S AND JOHNNIE JOHNSON'S MOTION FOR RECONSIDERATION

      This matter currently is before the Court on a motion for reconsideration filed by individually named defendants Cathy M. Garrett, Caven West, and Johnnie Johnson (hereafter "Defendants") on February 14, 2012. Defendants seek reconsideration of this Court's February 3, 2012 opinion and order denying their motion to stay this action pending purported parallel criminal proceedings. For the reasons that follow, Defendants' motion is denied.

      In their motion, Defendants assert that they are attaching the proof the Court needs to grant the motion to stay– presumably to demonstrate that parallel criminal proceedings against them are imminent. This "proof" is simply a notice of deposition and subpoena served by Defendants' counsel on February 8, 2012, on Donn Fresard, Chief of Staff of the Wayne County Prosecutors Office, and certain questions posed to Mr. Fresard that were attached to the notice. (*See* Doc. 26 Ex. 1.) The questions Defendants have posed to Mr. Fresard are:

    a.    Is there a continuing criminal investigation into the Wayne County Clerk's CCW Division, as alleged by Plaintiff David Springsteen and/or the Wayne County Sheriff's Department, including the Internal Affairs Division and/or any law enforcement agency (state or federal)?

    b.    Was there at any time, a criminal investigation into the Wayne County Clerk's CCW Division, as alleged by Plaintiff David Springsteen and/or the Wayne County Sheriff's Department, including the Internal Affairs Division and/or any law enforcement agency (state or federal) and the same concluded with a finding of insufficient evidence of criminal wrongdoing?

    c.    Are Caven West, Johnnie Johnson, or Cathy Garrett (my clients) named suspects in any active criminal investigation into the Wayne County Clerk's CCW Division, as alleged by Plaintiff David Springsteen and/or the Wayne County Sheriff's Department, including the Internal Affairs Division and/or any law enforcement agency (state or federal)?

(*Id.*)

      Missing from Defendants' motion for reconsideration is any documentation reflecting a response to the questions posed to Mr. Fresard by Mr. Fresard or anyone else– much less a response that would cause this Court to conclude that Defendants are under investigation.  Defendants offer no evidence to support their assertion in the motion that "[t]hese specific deposition questions to Fresard . . . could not be answered directly by specifically indicating the name(s) of the 'employees and/or representatives' of the Clerk's CCW Division, because by doing so, [Defendants' counsel] was informed by the Wayne County Prosecutors Office (via the Deputy Chief Bivins) . . . the federal criminal investigation might be compromised."  (Doc. 26 ¶ 9.)  Moreover, any response that the questions "could not be answered directly by specifically indicating the name(s) of the

'employees and/or representatives' of the Clerk's CCW Division," in no way suggests that "the federal criminal investigation" concerns Defendants. Similarly, the inability to answer defense counsel's broadly framed questions, or even a response indicating in the affirmative that some type of investigation has occurred or is pending, would not convince the Court that there is a pending parallel investigation and that the investigation concerns Defendants.

As such, Defendants fail to convince the Court that it committed a palpable error in denying their motion to stay. The Court adds that even proof of a pending parallel *investigation* is not enough to demonstrate a defect in the Court's February 13, 2012 decision denying the motion to stay. As stated in the Court's opinion and order: "Pre-indictment requests for a stay usually are denied . . . Some courts have expressed that, where a defendant filing a motion to stay has not been indicted, the motion may be denied on that ground alone." (Doc. 25 at 3 (citations omitted).)

Accordingly,

**IT IS ORDERED**, that Individually Named Defendants Garret's, West's, and Johnson's Motion for Reconsideration is **DENIED**.

Date: February 27, 2012         s/PATRICK J. DUGGAN
                                UNITED STATES DISTRICT JUDGE

Copies to:
Michael L. Pitt, Esq.
Kevin M. Carlson, Esq.
Jerome R. Watson, Esq.
Adam S. Forman, Esq.
Brian M. Schwartz, Esq.
Ronnie E. Cromer Jr., Esq.